UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

2006 JAN 20 PM 12: 05

| | |
|---|---|
| CUMMINS INC.<br>and<br>ONAN CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>TAP ENTERPRISES, INC.,<br>    Defendant. | 1:06-cv-0095-SEB-VSS<br><br>Civ. No.: _____<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiffs, Cummins Inc. and Onan Corporation, by their attorneys, as and for their Complaint, allege:

### PARTIES

1. Plaintiff Cummins Inc. is an Indiana corporation with its principal place of business at 500 Jackson Street, Columbus, Indiana 47201. Plaintiff Onan Corporation, doing business as Cummins Power Generation, is a Delaware corporation with its principal place of business at 1400 73rd Avenue NE, Minneapolis, Minnesota 55432. This Complaint refers to Cummins Inc. and Onan Corporation collectively as "Cummins" unless otherwise specified.

2. Defendant Tap Enterprises, Inc. ("Defendant") is a Nebraska corporation with its principal place of business at 650 North Lincoln, Spring Hill, Kansas 66083.

### JURISDICTION AND VENUE

3. This action arises under the trademark and unfair competition laws of the United States and the laws of the State of Indiana. It is brought pursuant to Section 32 of the Lanham

W698132.1

Act, 15 U.S.C. 1114; Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); and the common law of Indiana.

4. Jurisdiction is based on the Lanham Act, as amended, 15 U.S.C. § 1051, et seq., and on 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant because, among other things, it has caused injury in Indiana by advertising, soliciting, selling and distributing infringing goods into Indiana.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) because the claims arose in this district by virtue of the sale, offering for sale, distribution, or advertising of infringing goods and/or services in this district.

## FACTS

### Cummins' Trademark Rights in and Use of the Cummins Marks

7. Since 1919, Cummins has designed, manufactured, distributed, marketed, and sold a wide range of innovative engines, tools, power generation products, and related components and services.

8. Cummins has, since well prior to the acts of Defendant complained of herein, designed, manufactured, and sold a wide array of tools, including hand and power tools, and power generators, and related parts and services, under the trade name and word mark CUMMINS, and the design mark depicted below ("the Cummins Marks"). The tools sold by Cummins under the Cummins Marks include, but are not limited to, drills and drill accessories, grinder accessories, cutters, bits for tools, clamps, hammers, screwdrivers, socket sets, and wrenches.



9. Cummins has continuously used the Cummins Marks for hand and power tools and power generators and related parts and services sold under its Cummins Marks, by applying the Cummins Marks to those products and services, packaging for the products, informational and instructional materials for the products and services, and to materials advertising and promoting the products and services as a means of identifying Cummins as the source of these goods and services, and distinguishing those goods and services from the goods and services of others.

10. Cummins has extensively promoted, marketed, and advertised in the United States its CUMMINS brand tools and power generators and related parts and services.

11. By virtue of these efforts, and by the unrivaled quality of the tools and power generators and related parts ands services sold under the Cummins Marks, the marks have acquired exceedingly valuable goodwill in the marketplace for those goods and services.

12. In addition to Cummins' extensive common law rights in the Cummins Marks, Cummins is also the owner of incontestable federal registrations on the Principal Register for its C CUMMINS design mark (as depicted in paragraph 8, supra) (the "C CUMMINS Design Mark"), including U.S. Trademark Registration No. 1,090,272, registered and used with "internal combustion engines for land vehicles of all types," and U.S. Trademark Registration No. 1,124,765, registered and used with the "maintenance and repair of internal combustion

3

engines." Cummins also owns U.S. Trademark Registration No. 579,346 for the CUMMINS (Stylized) Mark, depicted below, registered and used for "internal combustion engines and parts thereof," which is also incontestable. The C CUMMINS Design Mark and the CUMMINS (Stylized) Mark have been in continuous use and have not been abandoned.

# CUMMINS

### Defendant's Infringing Activities

13. Defendant is engaged in the sale of tools under the trade names and marks CUMMINS TOOLS and CUMMINS INDUSTRIAL TOOLS. Defendant sells tools over the Internet at the Uniform Resource Locator ("URL") http://www.cumminstools.com.

14. On October 19, 2000, Defendant filed an application at the U.S. Patent & Trademark Office ("PTO") to register the mark CUMMINS PRO INDUSTRIAL TOOLS & Design, set forth below, for "power tools, namely, drills, grease guns, grinders, routers, sanders, and saws," in International Class 7, and "hand tools, namely, bits for tools, chisels, clamps, hammers, planers, screwdrivers, socket sets, tool belts and wrenches," in International Class 8 (U.S. Trademark Application Serial No. 78/031,419). This application published for opposition on September 4, 2001.



15. Cummins timely opposed TAP's U.S. Trademark Application Serial No. 78/031,419 on October 29, 2001, and an opposition is currently pending at the U.S. Trademark Trial and Appeal Board (Opposition No. 124,518) ("the Opposition").

16. On October 19, 2000, Defendant also filed an application at the PTO to register the mark CUMMINS INDUSTRIAL TOOLS & Design, set forth below, for "power tools namely, drills, grease guns, grinders, routers, sanders and saws," in International Class 7, and "hand tools, namely, bits for tools, chisels, clamps, hammers, planers, screwdrivers, socket sets, tool belts and wrenches," in International Class 8 (U.S. Trademark Application Serial No. 78/031,424), which has been suspended pending disposition of the Opposition.



17. Defendant has registered the mark CUMMINS INDUSTRIAL TOOLS & Design, set forth below, for "retail store services featuring industrial tools and accessories" (U.S. Trademark Registration No. 2,514,072). This registration issued on December 4, 2001.



18. Cummins has not authorized Defendant's use of the trade names and marks CUMMINS TOOLS or CUMMINS INDUSTRIAL TOOLS; the marks CUMMINS PRO INDUSTRIAL TOOLS & Design, CUMMINS INDUSTRIAL TOOLS & Design, and CUMMINS INDUSTRIAL TOOLS & Design; or the domain name CUMMINSTOOLS.COM (collectively, the "CUMMINS TOOLS Marks").

19. Defendant's use and registration of the CUMMINS TOOLS Marks are likely to cause mistake or confusion among consumers, or to deceive consumers, by causing them to believe, incorrectly, that Defendant's business is related to, associated with, sponsored by, or connected with Cummins.

20. Indeed, Defendant's use of CUMMINS TOOLS Marks has caused actual confusion among consumers for Cummins' goods and services.

21. Upon information and belief, Defendant has intentionally, willfully, and wantonly infringed Cummins' trademark rights in the Cummins Marks.

## COUNT ONE

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. §1125(a)

22. Cummins repeats and realleges each and every allegation in paragraphs 1 through 21.

23. Defendant has been and is engaged in trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Defendant's activities have affected interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. By reason of Defendant's activities, Cummins has been seriously and irreparably damaged and, unless Defendant is restrained therefrom, Cummins will continue to be so damaged.

26. Cummins has no adequate remedy at law.

## COUNT TWO

### FEDERAL TRADEMARK INFRINGEMENT

27. Cummins repeats and realleges each and every allegation in paragraphs 1 through 26.

28. Pursuant to 15 U.S.C. § 1072, the registrations of the C CUMMINS Design Mark and the CUMMINS (Stylized) Mark that are owned by Cummins constitute constructive notice to others of its ownership of those marks.

29. Defendant's use of CUMMINS is likely to cause mistake or confusion among consumers, or to deceive consumers, by causing them to believe, incorrectly, that Defendant's business is related to, associated with, sponsored by, or connected with Cummins in violation of 15 U.S.C. § 1114.

30. Defendant is infringing Cummins' federal trademark rights in the C CUMMINS Design Mark and the CUMMINS (Stylized) Mark.

31. Upon information and belief, such acts by Defendant are willful and with actual knowledge of the C CUMMINS Design Mark and the CUMMINS (Stylized) Mark.

32. Defendant will continue to infringe Cummins' trademark rights unless and until enjoined by this Court.

## COUNT THREE

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

33. Cummins repeats and realleges each and every allegation in paragraphs 1 through 32.

34. Defendant's use of the CUMMINS TOOLS Marks constitutes infringement of Cummins' common law trademark rights and unfair competition under the common law of Indiana and the laws of other states. Defendant has infringed Cummins' Cummins Marks as alleged herein with the intent to deceive, defraud, and confuse the public. Cummins has been seriously and irreparably damaged and, unless Defendant is restrained, Cummins will continue to be so damaged.

35. Cummins has no adequate remedy at law.

## COUNT FOUR

### CANCELLATION OF U.S. TRADEMARK REGISTRATION

36. Cummins repeats and realleges each and every allegation in paragraphs 1-35.

37. On December 4, 2001, Defendant obtained a federal registration for the mark CUMMINS INDUSTRIAL TOOLS & Design, U.S. Trademark Registration No. 2,514,072 for use in connection with "retail store services featuring industrial tools and accessories."

38. Defendant's CUMMINS INDUSTRIAL TOOLS & Design mark as reflected in U.S. Trademark Registration No. 2,514,072 consists or comprises a mark that so resembles Cummins' Cummins Marks as previously used in the United States and not abandoned, as to be

likely, when used on or in connection with the services of Defendant, to cause confusion, or to cause mistake, or to deceive.

39. Accordingly, the mark CUMMINS INDUSTRIAL TOOLS & Design, as reflected in Defendant's U.S. Trademark Registration No. 2,514,072, is not properly able to be registered under 15 U.S.C. § 1052(d) and such registration should be cancelled pursuant to 15 U.S.C. § 1119.

**WHEREFORE,** Cummins demands judgment:

1. On each of the claims for relief, permanently restraining and enjoining Defendant and all persons acting in concert with Defendant, from infringing the Cummins Marks identified herein, from falsely designating the origin, sponsorship, or affiliation of Defendant's products and services, and from unfairly competing with Cummins in any manner;

2. An order directing the U.S. Commissioner of Patents and Trademarks to cancel U.S. Trademark Registration No. 2,514,072 for the mark CUMMINS INDUSTRIAL TOOLS & Design registered on December 4, 2001;

3. An order directing the U.S. Commissioner of Patents and Trademarks to refuse to register U.S. Trademark Application Serial No. 78/031,419 for the mark CUMMINS PRO INDUSTRIAL TOOLS & Design filed on October 19, 2000, and U.S. Trademark Application Serial No. 78/031,424 for the mark CUMMINS INDUSTRIAL TOOLS & Design filed on October 19, 2000;

4. Awarding compensatory damages in an amount to be determined at trial;

5. Awarding Defendant's profits as a consequence of the acts of infringement and an accounting of such profits;

6. Awarding the costs and attorneys fees associated with the action;

7. Awarding punitive and exemplary damages;

8. Awarding treble damages;

9. Awarding such other and further relief as the Court deems just.

**JURY DEMAND**

Cummins demands a trial by jury on all issues so triable.

DATED: January 20, 2006

By: _____
William E. Padgett (18819-49)
Mary Jane Frisby (22213-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
TEL: (317) 231-1313
FAX: (317) 231-7433

Laurin H. Mills
Susan M. Freedman
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004
TEL: (202) 585-8000
FAX: (202) 585-8080

Attorneys for Plaintiffs
Cummins Inc. and Onan Corporation